**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                                   **No. 28,692**

**GEORGE CORDOVA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Corey J. Thompson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant appeals from the denial of his motion to withdraw his plea. We issued a notice of proposed summary disposition, proposing to uphold the district court's ruling. Defendant filed a memorandum in opposition that we have duly considered. Because we remain unpersuaded, we affirm.

We review the denial of a motion to withdraw a plea for abuse of discretion. *State v. Herrera*, 2001-NMCA-073, ¶ 7, 131 N.M. 22, 33 P.3d 22.  The denial of a motion to withdraw a guilty plea constitutes an abuse of discretion when the undisputed facts establish that the plea was not knowingly and voluntarily given. *State v. Garcia*, 121 N.M. 544, 546, 915 P.2d 300, 302 (1996).

As we observed in our notice of proposed summary disposition, Defendant was advised of the basis for the charges against him and of his rights by defense counsel and by the district court. [RP 131-32]  Additionally, Defendant expressly denied that he had been pressured into accepting the plea, and he affirmed that he was satisfied with counsel. [RP 131] This provides ample support for the district court's determination that Defendant entered his plea knowingly and voluntarily.

In his memorandum in opposition, Defendant continues to argue that the defense of duress was not adequately explained before he entered his plea.  As a consequence, Defendant contends that he received ineffective assistance of counsel and that the district court should have permitted him to withdraw his plea.  [MIO 4-7]  We remain unpersuaded.

As we observed in our notice of proposed summary disposition, there does not appear to have been any basis for pursuing a defense of duress in this case because Defendant did not face any *imminent* threat of harm. *See generally* UJI 14-5130 NMRA (stating that duress requires proof that the defendant feared immediate great bodily harm if he did not commit the crime and that a reasonable person would have acted in the same way); *State v. Pothier*, 104 N.M. 363, 367, 721 P.2d 1294, 1298 (1986) ("The duress must be present, imminent and impending, and of such a nature as to induce a well-grounded apprehension of death or serious bodily injury [. . . .] The defense of duress is not established by proof that the defendant had been threatened with violence at some prior time, if he was not under any personal constraint at the time of the actual commission of the crime charged." (internal quotation marks and citation omitted)). Insofar as duress was not a viable defense theory, there was no call for either counsel or the district court to provide further advice on that subject. We therefore conclude that the district court did not abuse its discretion in denying Defendant's motion to withdraw his plea.

For the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

3

**IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Judge**

_____

**RODERICK T. KENNEDY, Judge**